**Dillard Elean HENDERSON, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

No. 27360

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 8, 1970.

Dillard Elean Henderson, pro se.

H. M. Ray, U. S. Atty., Roger M. Flynt, Jr., Asst. U. S. Atty., Oxford, Miss., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

This case comes to us from the District Court's denial without an evidentiary hearing of Petitioner's § 2255 motion to vacate sentence.[1] Petitioner

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

contends that his conviction was obtained in violation of the Due Process Clause of the Fifth Amendment, his Sixth Amendment rights to counsel and to confront the witnesses against him, F.R. Crim.P. 43, and his right to trial by an impartial jury. Zeroing in on these broad claims Petitioner asserts that (1) he was absent during part of the impaneling of the jury, (2) a juror slept through part of the trial, and (3) his attorney was not present for all the examination of a prosecution witness. We find all these contentions to be without merit and affirm.

◼ Petitioner's first contention is that he was not present during part of the impaneling procedure and that his presence is required by F.R.Crim.P. 43, which provides that "the defendant shall be present * * * at every stage of the trial including the impaneling of the jury * * *." Although Petitioner's statement that he was not present is shown by the record to be factually correct, we find that the error was harmless and should be disregarded under F.R.Crim.P. 52(a).

To handle challenges for cause the Judge and counsel withdrew to the Judge's chambers. During Petitioner's absence from chambers five things happened: the government announced it had no challenges for cause. Petitioner's attorney challenged one juror for cause, which challenge was granted. Another juror was substituted and the United States announced it was satisfied. Petitioner's attorney announced he was satisfied with the juror. The United States announced that it had no peremptory challenges with respect to the remaining 12 jurors. At this stage on discovery that defendant was not present, he was brought into the Judge's chambers and the Court asked his counsel whether there was "any need * * * to go back through the preliminaries with respect to the exercise of challenges for cause." To this his counsel answered with a categorical "No." The momentary error of inadvertently allowing Petitioner to be absent brought no harm upon him since nothing occurred to his detriment, the Trial Court offered an opportunity to go back through the entire procedure, which was declined, and Petitioner was present during the entire peremptory challenge period and only 6 of his 10 peremptory challenges were exercised.

◼ Petitioner's second contention is that he was denied his Sixth Amendment right to trial by jury because a juror fell asleep during the trial. We agree that nothing was shown requiring a further hearing either as to the occurrence or timely notice to the Court to permit corrective action.

◼ Petitioner's last contention is that he was denied assistance of counsel during a portion of the trial because his attorney was absent from the courtroom. The claim arises out of this part of the record. A principal witness for the government had implicated Petitioner and several other defendants (one of whom, Glenn Nash, was an attorney) in a conspiracy to steal United States postal money orders. Immediately after this testimony and before cross-examination, a recess was taken. After the recess the government asked two principal questions. The first—presumably anticipating the inevitable inquiry on cross-examination—was whether he had been convicted of a felony (the reply was "Yes, in 1966"). The second was whether co-defendant Nash had ever represented the witness in legal matters. To this he answered that Nash had represented him in a divorce proceeding and in the present criminal case in the very beginning.

All counsel were given full opportunity for cross-examination, two did so, and nothing adverse to Petitioner came out. The first attorney elicited only testimony which exculpated his client. The second extensively cross-examined the witness bringing out testimony, such as the fact that he had been charged several times with passing bad checks and with a series of burglaries, that was damaging only to his credibility.

Quite obviously Petitioner's counsel was satisfied, for when it came his turn to cross-examine he responded to specific inquiry of the Court that he had "No further cross-examination." Nothing in this portion of the record transpiring subsequent to the recess affords any basis for concluding that for whatever time counsel was momentarily absent anything occurred which was harmful to Petitioner or—with or without hindsight—pointed up lines of inquiry which a diligent counsel would have pursued.

Affirmed.