# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Oliver, 2012 IL App (1st) 102531**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALOYSIUS OLIVER, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-10-2531 |
| Filed<br>Rehearing denied | May 9, 2012<br>June 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's postconviction petition alleging that he did not authorize his counsel to waive his presence during an *in camera* discussion of jury selection, that the unauthorized waiver amounted to ineffective assistance on the part of his trial counsel and that his appellate counsel was ineffective in failing to raise the unauthorized waiver on direct appeal was properly dismissed as frivolous, since defendant failed to make any allegations that he arguably suffered prejudice due to the alleged errors of his trial or appellate counsel. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 01-CR-22680; the Hon. Timothy Joseph Joyce, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Robert Hirschhorn, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Justices Murphy and Salone concurred in the judgment and opinion.

## OPINION

¶ 1   A jury found the defendant, Aloysius Oliver, guilty of murder, and the trial court sentenced him to life in prison. On the direct appeal, the appellate court affirmed the trial court's judgment. Oliver then filed the postconviction petition that is the subject of this appeal. Oliver alleged that he did not authorize his trial counsel to waive his presence during jury selection. He argued that the unauthorized waiver of his presence during a conference *in camera* on jury selection amounted to ineffective assistance of trial counsel, and the failure to raise the issue of the unauthorized waiver on the direct appeal shows that he had ineffective assistance of appellate counsel. We find that Oliver has not alleged any facts that could support the conclusion that the court empaneled a biased jury, and, therefore, we hold that Oliver has not stated the gist of a claim that a violation of his constitutional rights might warrant a new trial. Accordingly, we affirm.

¶ 2                                          BACKGROUND

¶ 3   On August 19, 2001, Officers Vincent Barner, Andre Green and Eric Lee, wearing plain clothes, sat in an unmarked police car on Chicago's south side, watching for signs of illegal drug transactions. They heard a commotion coming from a nearby alley, so they went to investigate. They saw some men hitting another man. Some of the combatants ran from the scene. As the officers gave chase, two bullets struck and killed Lee. Barner arrested Oliver in a nearby gangway.

¶ 4   Police officers made a video recording of a statement Oliver made at the police station later that night. Oliver said he saw Lamar Logan urinating in Oliver's yard, so Oliver and his cousin started hitting and kicking Logan. Oliver ran off when he saw men coming up the alley. When one of the men pointed a gun at Oliver, Oliver fired his gun so that he could escape from the scene. He did not intend to shoot Lee. Prosecutors charged Oliver with the murder of Lee, the aggravated battery of Logan, and aggravated assault for his conduct at the time Barner arrested him.

¶ 5   The trial court denied Oliver's motion to suppress his statement. At the trial, the judge conducted *voir dire* in open court, with Oliver present. The judge asked the attorneys to come

into chambers for the attorneys to decide whom they wanted to exclude from the jury. At the outset of the discussion in chambers, the judge said:

> "So the record is clear, we are in chambers for the purpose of selection. *** The Defendant has been consulted with by his attorneys, and his appearance is waived. Is that correct, counsel?

Defense counsel answered, "Correct."

¶ 6        In the course of the discussion, defense counsel moved for a mistrial due to the prosecution's exercise of its peremptory challenges to exclude several black venire members from the jury. The trial court denied the motion, noting that the prosecution had at that point accepted only four jurors, and three of the four were black. The court empaneled a jury without any further discussion of the motion for mistrial.

¶ 7        Green testified that when he saw Oliver and Oliver's cousin hitting Logan, Green yelled, "stop, police." Green saw Oliver run, and then he saw Oliver turn and fire shots at Lee.

¶ 8        Barner testified that he caught up to Oliver and again identified himself as a police officer. Oliver pointed a gun at Barner and the two of them struggled until another police officer tackled Oliver.

¶ 9        The court permitted the prosecution to show the jury the videotape of the statement Oliver made at the police station. The defense presented evidence that the officers never identified themselves as police, and Oliver feared for his life when he fled and fired the gun.

¶ 10        The trial court instructed the jury on both first and second degree murder, as well as aggravated battery and aggravated assault. The jury found Oliver guilty of first degree murder, aggravated battery and aggravated assault. The trial court sentenced Oliver to natural life in prison.

¶ 11        On the direct appeal, appellate counsel argued "(1) defendant's failure to renew his motion to suppress his statement prejudiced defendant; (2) the judge's answer to the jury's note require[d] a new trial; (3) the judge's failure to question jurors about a newspaper article was an abuse of discretion; (4) the prosecution's closing arguments denied defendant a fair trial; (5) denial of defense access to disciplinary records of Officer Barner was error; (6) it was an abuse of discretion not to order [two other police officers] to submit to depositions; (7) the prosecution's late discovery tender prejudiced defendant; and (8) the dismissal of defendant's section 2-1401 petition should be reversed and discovery should be re-opened." Appellate counsel did not raise any issue concerning the exclusion of Oliver from the conference in chambers for jury selection. This court affirmed the trial court's judgment. *People v. Oliver*, Nos. 1-04-3078, 1-06-0047 cons. (2009) (unpublished order under Supreme Court Rule 23).

¶ 12        On May 4, 2010, Oliver filed the *pro se* postconviction petition that is the subject of this appeal. Oliver raised eight separate arguments in his petition, and the trial court found them all frivolous and patently without merit. Oliver now challenges that ruling on only one of the issues. He asserted in his verified petition that he never gave his trial counsel permission to waive his presence at the jury selection conference in chambers. He contended in the postconviction petition that appellate counsel provided ineffective assistance when counsel failed to argue on the direct appeal that trial counsel provided ineffective assistance by

improperly waiving Oliver's presence at this critical stage of the trial.

¶ 13     The trial court found that Oliver had shown a violation of the constitutional right to appear only if Oliver's absence from the jury selection conference "result[ed] in a denial of an underlying substantial right, in other words, a constitutional right." *People v. Bean*, 137 Ill. 2d 65, 81 (1990). Applying the standard articulated in *Bean*, the trial court held: "Petitioner has failed to show that his absence from proceedings in chambers when challenges to the venire were made constituted an instance where his absence resulted in the denial of a constitutional (or any) right." The court dismissed the petition as frivolous. Oliver now appeals.

¶ 14                                          ANALYSIS

¶ 15     We review *de novo* the dismissal of a postconviction petition at the first stage of postconviction proceedings. *People v. Coleman*, 183 Ill. 2d 366, 387-89 (1998). At this stage of proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17 (2009).

¶ 16     We assume the truth of all facts alleged in the postconviction petition, unless the record contradicts the allegations. *Coleman*, 183 Ill. 2d at 385. Here, trial counsel said she consulted with Oliver and she waived his appearance. Oliver alleged that he did not authorize trial counsel to waive his appearance at the jury selection conference. Because Oliver did not himself waive his appearance on the record, we find that the record does not contradict Oliver's allegation. We assume, for purposes of this appeal, that Oliver and counsel misunderstood one another, and counsel waived Oliver's appearance at the selection conference when Oliver had not authorized her to do so.

¶ 17     We agree with the trial court that our supreme court's decisions in *Bean* and *People v. McLaurin*, 235 Ill. 2d 478 (2009), control our consideration of the underlying issue here. In *Bean*, the defendant claimed that the trial court violated his constitutional rights when it excluded the defendant from *in camera voir dire* of six members of the venire. Defense counsel, without consulting the defendant, used a peremptory challenge to excuse one of the venire members from the jury. None of the venire members interviewed in chambers served on the jury. Because the defendant did not raise the issue at trial, our supreme court reviewed the issue only for plain error. The *Bean* court said:

>   "In the past we have declared that the broad 'right to be present at trial' is not itself a substantial right under the Illinois Constitution. [Citation.] Instead, it is a lesser right the observance of which is a means to securing the substantial rights of a defendant. Thus a defendant is not denied a constitutional right every time he is not present during his trial, but only when his absence results in a denial of an underlying substantial right, in other words, a constitutional right; and it is only in such a case that plain error is committed. [Citations.] Some of these substantial rights are the right to confront witnesses, the right to present a defense, and the right to an impartial jury. In the present case, the right to an impartial jury is the only substantial right possibly denied defendant.

-4-

We conclude that no plain error occurred because, although defendant's broad right of presence was improperly denied and could have affected the impartiality of the jury, defendant's absence from the *in camera voir dire* did not, in fact, have the slightest effect on the impartiality of the jury selected. Indeed, even defendant does not claim that his jury was not impartial." *Bean*, 137 Ill. 2d at 80-81.

¶ 18    The trial court interpreted *Bean* to mean that a defendant who shows only that the trial court excluded him from a critical stage of the trial has not shown a constitutional violation. Before the trial court can find a violation of the defendant's constitutional right to presence at trial, the defendant must meet his burden of showing further "that his absence resulted in unfair proceedings that denied him substantial rights." *People v. Burnett*, 385 Ill. App. 3d 610, 617 (2008), *aff'd*, 237 Ill. 2d 381 (2010).

¶ 19    The appellate court observed, in *Burnett*, that the analysis of the constitutional right to presence at trial presented in *Bean* appears to conflict with the analysis of the same right presented in *People v. Childs*, 159 Ill. 2d 217 (1994). The *Childs* court held that the trial court violated the defendant's constitutional right to presence at trial when the judge communicated *ex parte* with the jury, and because of the exclusion of the defendant from that critical stage of the trial, "the burden [was] on the State to prove beyond a reasonable doubt that the error was harmless." *Childs*, 159 Ill. 2d at 228. Thus, under *Childs*, the trial court violates the defendant's constitutional rights whenever the court conducts proceedings at a critical stage of the criminal trial in the defendant's absence, unless the defendant has waived or forfeited his right to appear at the proceedings. The *Bean* court, on the other hand, appeared to hold that the trial court does not violate the defendant's constitutional right to appear at the trial unless the defendant proves that his absence resulted in unfair proceedings that denied him rights other than the right to appear.

¶ 20    Our supreme court addressed this apparent conflict in *McLaurin*, 235 Ill. 2d 478. In that case, the defendant had failed to preserve for review an issue concerning his exclusion from discussions about how to respond to notes from the jury. The court held that the defendant did not meet his burden of showing that his absence from that part of the proceedings had any prejudicial effect. The defendant argued that under *Childs*, the State had the burden of proving that the constitutional violation amounted to harmless error. Our supreme court responded:

"Defendant acknowledges the requirement of prejudice in *Childs* and *McDonald*, but he argues that the burden is on the State to prove beyond a reasonable doubt that no prejudice occurred. This argument ignores the crucial difference between an error a defendant has properly preserved for review and one which the defendant has forfeited. *** [W]here the defendant has made a timely objection and properly preserved an error for review, the reviewing court conducts a harmless-error analysis in which the State has the burden of persuasion with respect to prejudice. [Citation.] However, where the defendant fails to make a timely objection and therefore forfeits review, the reviewing court will examine the record only for plain error. In a plain-error review, the burden of persuasion remains on the defendant. [Citation.] *** [The defendant in *Childs*] properly preserved [his] claims for review, and this court applied a harmless error analysis, placing the burden on the State. As we have discussed, however, defendant in the present

case did not properly preserve his objections. Because he has forfeited his claims, we review them only for plain error, and the burden of persuasion remains on defendant to show prejudice." *McLaurin*, 235 Ill. 2d at 495-96.

¶ 21  Thus, under the reasoning of *McLaurin*, when a defendant who has not waived or forfeited his right to be present shows that the court has conducted a critical stage of the trial in the defendant's absence, the defendant has shown a violation of his constitutional rights. If he properly preserves the issue for review, the State must prove the violation harmless beyond a reasonable doubt. See *Childs*, 159 Ill. 2d at 228. The *Bean* analysis, placing the burden on the defendant to further show prejudice due to the violation of his constitutional right to presence at trial, applies only when the defendant has failed to preserve the issue for review, so that the defendant must prove that the constitutional error amounted to plain error. *McLaurin*, 235 Ill. 2d at 495-96.

¶ 22  The *Bean* court held that jury selection is a critical stage of the criminal trial. *Bean*, 137 Ill. 2d at 84. Thus, Oliver has adequately stated a claim that his trial counsel violated his constitutional right by waiving his presence for part of jury selection, when he had not authorized his counsel to waive his presence. However, Oliver did not preserve the issue for review on the direct appeal. See *People v. Oliver*, Nos. 1-04-3078, 1-06-0047 cons. (2009) (unpublished order under Supreme Court Rule 23). To show that the violation might warrant a new trial, he must further state the gist of a claim that his absence from the *in camera* jury selection conference prejudiced him. *Hodges*, 234 Ill. 2d at 17.

¶ 23  The record shows that 12 qualified jurors decided that the evidence proved Oliver guilty as charged. Oliver, in his petition and in his argument on this appeal, offers nothing–no evidence in the record, no affidavits, and not even any naked assertions in his postconviction petition–to support a finding that his absence from the *in camera* jury selection proceedings led the court to empanel a biased jury. Thus, the record and the facts asserted in the petition do not even arguably support a finding that Oliver suffered any prejudice due to trial counsel's error. Without any evidence that the jurors harbored prejudices against Oliver, Oliver's appellate counsel had no grounds to claim that Oliver's exclusion from the jury selection conference gave the appellate court grounds to reverse the trial court's judgment, especially because Oliver had not preserved the issue for appellate review. See *McLaurin*, 235 Ill. 2d at 492-96. Thus, Oliver's petition does not state the gist of a claim that his trial counsel's error or his appellate counsel's choice of issues to raise on the direct appeal provided grounds for the trial court to grant him a new trial. See *Hodges*, 234 Ill. 2d at 17. Accordingly, because Oliver has not presented even allegations to show that he arguably suffered prejudice due to trial counsel's alleged error, or that his appellate counsel arguably erred by choosing not to raise on the direct appeal any issue concerning Oliver's exclusion from the *in camera* discussion of jury selection, we must affirm the dismissal of his postconviction petition. See *McLaurin*, 235 Ill. 2d at 492-96.

¶ 24  Affirmed.