2020 IL App (4th) 190250

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ALOYSIUS M. OLIVER, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| MARIA KURIAKOS-CIESIL, | ) | No. 18MR99 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justice Knecht concurred in the judgment and opinion.
Justice DeArmond specially concurred, with opinion.

**OPINION**

¶ 1     Plaintiff, Aloysius Oliver, an inmate in the Illinois Department of Corrections, appeals the Livingston County circuit court's dismissal of his *mandamus* action, seeking an order directing defendant, Maria Kuriakos-Ciesil, a Cook County circuit judge, to vacate his first degree murder conviction. On defendant's motion, the Livingston County court dismissed plaintiff's action. He appeals, and we affirm.

¶ 2                                 I. BACKGROUND

¶ 3     In January 2004, plaintiff was convicted of first degree murder for the killing of a Chicago police officer. The trial court sentenced him to natural life in prison. On appeal, plaintiff's conviction and sentence were affirmed. *People v. Oliver*, No. 1-04-3078 (2009) (unpublished order under Illinois Supreme Court Rule 23). In May 2010, plaintiff filed a postconviction petition

claiming ineffective assistance of counsel for an unauthorized waiver of his presence during an *in camera* conference on jury selection. The court dismissed that petition, and its dismissal was also affirmed on appeal. *People v. Oliver*, 2012 IL App (1st) 102531, 972 N.E.2d 199.

¶ 4     In October 2017, plaintiff petitioned for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)) in the Cook County circuit court, contending he had "newly discovered evidence" to show the trial court erred by denying defense requests to depose two police officer witnesses and subpoena their records from the Office of Professional Responsibility to impeach the officers at his murder trial 13 years earlier. Plaintiff also argued his convictions were void because, before trial, the State dismissed the counts for which plaintiff was otherwise eligible for a life sentence and that he was entitled to either a dismissal of his indictment, a new trial, or a new sentencing hearing.

¶ 5     In June 2018, plaintiff filed a "Petition/Complaint for Writ of *Mandamus*" in the Livingston County circuit court. He sought "an order of *mandamus*" compelling defendant to dismiss the indictment in his murder case, grant him a new trial, or allow for a new sentencing hearing.

¶ 6     In October 2018, defendant filed an amended combined motion to dismiss pursuant to section 2-619.1 of the Code (*id.* § 2-619.1), claiming the Livingston County circuit court lacked jurisdiction or, in the alternative, plaintiff was unable to state a claim for *mandamus* relief. In April 2019, the circuit court dismissed plaintiff's petition. It found plaintiff failed to state a proper cause of action for *mandamus* and was not entitled to the relief requested. The court further questioned whether it had jurisdiction to consider plaintiff's *mandamus* request, although it did not identify this concern as a basis for its dismissal.

¶ 7     This appeal followed.

¶ 8                                II. ANALYSIS

¶ 9        On appeal, plaintiff challenges the circuit court's dismissal of his *mandamus* petition. Defendant responds, arguing this court should affirm the court's dismissal based upon both a lack of jurisdiction and because plaintiff failed to state a cause of action for *mandamus* relief. We agree with defendant's latter contention.

¶ 10            A. Standards of Review for a Combined Motion to Dismiss

¶ 11        Defendant filed a section 2-619.1 motion before the circuit court seeking dismissal of plaintiff's *mandamus* action under sections 2-615 and 2-619 of the Code. Our review of a dismissal under either section is *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29, 28 N.E.3d 727.

¶ 12        "A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint." *Id.* As this court has said many times before, the defendant is saying, " 'So what? The facts the plaintiff has pleaded do not state a cause of action against me.' " *Grant v. State*, 2018 IL App (4th) 170920, ¶ 12, 110 N.E.3d 1089 (quoting *Winters v. Wangler*, 386 Ill. App. 3d 788, 792, 898 N.E.2d 776, 779 (2008)). "When ruling on such a motion, the court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from those facts." *Id.* "A complaint should be dismissed under section 2-615 only if it is clearly apparent from the pleadings that no set of facts can be proved that would entitle the plaintiff to recover." *In re Estate of Powell*, 2014 IL 115997, ¶ 12, 12 N.E.3d 14.

¶ 13        A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and all well-pleaded facts and reasonable inferences therefrom but asserts some affirmative matter outside the complaint that defeats the cause of action. *Grant*, 2018 IL App (4th) 170920, ¶ 13. Here, the respondent says, " '[y]es' " the complaint is legally sufficient, but some affirmative

matter exists to defeat the claim; what we refer to as the " '[y]es, but' " motion. *Winters*, 386 Ill. App. 3d at 792. "When ruling on a section 2-619 motion, the court construes the pleadings in the light most favorable to the nonmoving party and should only grant the motion if the plaintiff can prove no set of facts that would support a cause of action." *Grant*, 2018 IL App (4th) 170920, ¶ 13.

¶ 14                    B. Section 2-619 Motion to Dismiss for Lack of Jurisdiction

¶ 15          On appeal, defendant first argues dismissal of plaintiff's *mandamus* complaint was warranted because the Livingston County circuit court lacked jurisdiction to direct defendant's actions, *i.e.*, the actions of a judge in another circuit. Lack of jurisdiction is one type of affirmative matter that may properly be raised by a section 2-619 motion. *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 41, 32 N.E.3d 583. Although we agree that a circuit court judge may not properly review or direct the actions of another circuit court judge, we disagree that such circumstances necessarily present an issue of jurisdiction.

¶ 16          "[T]he 'orderly administration of justice does not permit one court of this state to ignore *** another court of this state.' " (Emphasis omitted.) *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 255, 419 N.E.2d 23, 28 (1980) (quoting *People ex rel. Lehman v. Lehman*, 34 Ill. 2d 286, 292, 215 N.E.2d 806, 810 (1966)). Stated another way, "[o]ne circuit judge may not review or disregard the orders of another circuit judge in the judicial system of this State [citation], and such action can only serve to diminish respect for and public confidence in our judiciary [citation]." *People ex rel. Phillips Petroleum Co. v. Gitchoff*, 65 Ill. 2d 249, 257, 357 N.E.2d 534, 538 (1976); see *People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District*, 54 Ill. 2d 442, 445, 298 N.E.2d 177, 179 (1973) (finding a court's "acceptance of jurisdiction and issuance of orders conflicting with those of [another] court was not only clearly erroneous, but that such action [would] only serve to diminish public respect for the

judicial system of this State").

¶ 17 Nevertheless, "jurisdiction" is composed of two distinct elements: subject matter jurisdiction and personal jurisdiction. *In re M.W.*, 232 Ill. 2d 408, 414, 905 N.E.2d 757, 763 (2009). A circuit court's subject matter jurisdiction is conferred by our state constitution and extends to all "justiciable matters." *McCormick v. Robertson*, 2015 IL 118230, ¶¶ 19-20, 28 N.E.3d 795. "[A] matter is considered justiciable when it presents 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' " *Id.* ¶ 21 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335, 770 N.E.2d 177, 184 (2002)).

> "[T]he question of subject matter jurisdiction is a matter of the justiciability of the class of cases to which the instant case belongs. Error or irregularity in the proceeding, while it may require reversal of the court's judgment on appeal, does not oust subject matter jurisdiction once it is acquired." *M.W.*, 232 Ill. 2d at 423.

¶ 18 "[P]ersonal jurisdiction is 'derived from the actions of the person sought to be bound.' " *Id.* at 426 (quoting *Meldoc Properties v. Prezell*, 158 Ill. App. 3d 212, 216, 511 N.E.2d 861, 864 (1987)). "A respondent or defendant may consent to personal jurisdiction by his appearance, or he may have personal jurisdiction imposed upon him by effective service of summons." *Id.*

¶ 19 Here, defendant does not argue that either subject matter jurisdiction or personal jurisdiction was lacking. Indeed, plaintiff's *mandamus* action presented a "justiciable matter" as defined in *McCormick*. Further, defendant, who was served with the petition, did not object to personal jurisdiction. Thus, the Livingston County circuit court possessed jurisdiction. We note, however, that the court could have declined to exercise its jurisdiction in this matter in light of the

fact plaintiff's section 2-1401 petition, which essentially sought the same relief, was pending in the circuit court of Cook County. See *East Side Levee*, 54 Ill. 2d at 445 ("[T]he clearly proper course of action for the Madison County court was to decline jurisdiction in light of the pending St. Clair County litigation in which precisely the same relief could have been sought.").

¶ 20　　　　C. Section 2-615 Motion to Dismiss for Failure to State a Cause of Action

¶ 21　　　　On appeal, defendant alternatively claims plaintiff's complaint was properly dismissed for failing to state a cause of action for *mandamus* relief. As stated, we agree with this contention.

¶ 22　　　　*Mandamus* is an extraordinary remedy compelling a public official to perform a purely ministerial act that does not involve the exercise of discretion. *People ex rel. Berlin v. Bakalis*, 2018 IL 122435, ¶ 16, 106 N.E.3d 979. The petitioner must establish (1) a clear right to the relief requested, (2) a clear duty of the public official to act, and (3) clear authority of the public official to comply. *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 15, 72 N.E.3d 340.

¶ 23　　　　Here, plaintiff asked the Livingston County circuit court to grant him a reversal of his conviction, a new trial, or a new sentencing hearing. Unfortunately for plaintiff, *mandamus* does not serve as a substitute for, or method to circumvent, an appeal. *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393, 398, 748 N.E.2d 175, 178 (2001). Although *mandamus* may be used to prevent judges from acting where they have no jurisdiction or to prevent acts beyond the scope of judges' jurisdictional authority, "original actions of *mandamus* and prohibition or supervisory orders may not be used to circumvent the normal appellate process." *People ex rel. Foreman v. Nash*, 118 Ill. 2d 90, 97, 514 N.E.2d 180, 183 (1987). In *Foreman*, our supreme court also explained how *mandamus* was not intended to "correct, direct[,] or control the action of a judge in any matter which he has jurisdiction to decide." (Internal quotation marks omitted.) *Id.* at 96.

- 6 -

¶ 24    Plaintiff sought relief from the Livingston County circuit court as if his conviction had already been determined to be void—which it had not. As we noted above, his conviction was affirmed in 2009 (*Oliver*, No. 1-04-3078), the dismissal of his petition for postconviction relief was affirmed in 2012 (*Oliver*, 2012 IL App (1st) 102531), and his section 2-1401 petition for relief from judgment was either still pending or had been dismissed by the time he filed for *mandamus* relief. Thus, no court has determined his conviction to be void.

¶ 25    Our supreme court has made it clear that a judgment is void for purposes of *mandamus* only if the court lacked the power to enter the order due to an absence of personal or subject matter jurisdiction or the judgment is based on a facially unconstitutional statute that is void *ab initio*. *In re N.G.*, 2018 IL 121939, ¶ 18, 115 N.E.3d 102. Clearly, plaintiff is unable to allege the existence of a void judgment. As a result, plaintiff's complaint for *mandamus* was properly dismissed by the circuit court pursuant to section 2-615 of the Code for failing to state a claim upon which relief could be granted.

¶ 26                                III. CONCLUSION

¶ 27    For the reasons stated, we affirm the circuit court's judgment.

¶ 28    Affirmed.

¶ 29    JUSTICE DeARMOND, specially concurring:

¶ 30    Although I agree plaintiff's complaint was properly dismissed by the Livingston County circuit court and agree with almost everything else in the majority's order, we differ in the mechanism by which dismissal occurred. As the trial court noted, plaintiff clearly failed to state a proper cause of action for *mandamus*, so the section 2-615 motion was proper. However, the trial court also questioned whether it had jurisdiction to consider plaintiff's request for *mandamus* relief against another circuit court. Noting this was not the basis for dismissal, the majority does not

believe the facts of this case "necessarily present an issue of jurisdiction." *Supra* ¶ 15.

¶ 31 We differ only in our understanding of all that the term "jurisdiction" may entail. As a result, I read the line of cases cited in the majority order and am here to say a circuit court does not have "jurisdiction," *i.e.*, the power or authority to act under circumstances such as this. I think these cases stand alongside *McCormick* to portray a full view of a circuit court's power to address and redress controversies. The majority acknowledges "a circuit court judge may not properly review or direct the actions of another circuit court judge" but does not believe it to be a matter of a court's jurisdiction. *Supra* ¶ 15. I see no alternative.

¶ 32 Though not using the word "jurisdiction," the Illinois Supreme Court has said, "[o]ne circuit judge may not review or disregard the orders of another circuit judge in the judicial system of this State." *People ex rel. Phillips Petroleum Co. v. Gitchoff*, 65 Ill. 2d 249, 257, 357 N.E.2d 534, 538 (1976) (citing *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein*, 61 Ill. 2d 229, 231, 335 N.E.2d 430, 431 (1974)). The supreme court's use of the word "may" should not lead one to think this is a discretionary or advisory rule that goes to justiciability or what a court "should" do, *à la* comity. In older cases, the court spoke in stronger terms of what courts "cannot" do—*i.e.*, limitations to the court's power. See, *e.g.*, *Mathias v. Mathias*, 202 Ill. 125, 128-29, 66 N.E. 1042, 1043-44 (1903) ("[N]o judge *** has *power* to revise or review a judgment or decree entered by the court of which he is not a member, or by any other circuit court in the State. *** One court *cannot* review the decree of another court, even though both courts have concurrent original jurisdiction." (Emphases added.)).

¶ 33 The *Mathias* case is particularly instructive, in my view, even though it discusses general rules within the specific factual context of a divorce matter. In a nutshell, the husband filed a bill of review in the Cook County superior court, requesting that court review the judgment

issued in the wife's favor by the Cook County circuit court. The "superior court ruled that it possessed jurisdiction and proceeded to" the merits, eventually reversing the circuit court's judgment. *Mathias*, 202 Ill. at 127. The appellate court ruled the superior court lacked jurisdiction, and the supreme court affirmed. *Mathias*, 202 Ill. at 127. In reversing the superior court, both reviewing courts discussed jurisdiction, or the court's power. The supreme court concluded, "[t]he superior court of Cook county was *without jurisdiction* to entertain a bill to review and reverse a decree which had been entered in the circuit court of that county." (Emphasis added.) *Mathias*, 202 Ill. at 127. The court explained that when presented with a matter requiring it to review another trial court's judgment, the court must look beyond surface-level subject matter jurisdiction: "Whether the jurisdiction of the two courts is in every respect the same need not be here considered, for different courts, though having the power to exercise the like original jurisdiction, *do not possess power* to revise and review the judgments and decrees of each other." (Emphasis added.) *Mathias*, 202 Ill. at 127. The appellate court's opinion used even stronger language than the supreme court used. Consider the following:

> "Courts of concurrent jurisdiction *can not* set aside or modify the orders and decrees of other courts of like jurisdiction. [Citation.] Any other supposition is a legal absurdity. [Citation.]
>
> 'A review and reversal by one court of the judgment of another co-ordinate court, would be a marvel in the law. Under such a practice the parties could go on reviewing to the end of time.' [Citation.]" (Emphasis added.) *Mathias v. Mathias*, 104 Ill. App. 344, 346-47 (1902), *aff'd*, 202 Ill. 125 (1903).

¶ 34        Why do circuit courts lack revisory power over sister courts? Because supervisory

power rests with the Illinois Supreme Court alone. As that court said: "Section 16 of article VI of the 1970 Constitution vests 'General administrative and supervisory authority over all courts' of this State in this court. In the exercise of that authority we have heretofore ordered the correction of patently erroneous action by trial judges." *Phillips Petroleum*, 65 Ill. 2d at 257.

¶ 35 The supreme court has administrative and supervisory authority over Illinois circuit courts. They are the *only* court invested with the power to order a trial court to perform a ministerial act that might be the subject of a *mandamus* action. Trial courts cannot bind other trial courts because they do not have "jurisdiction" in matters like these, and this principle has been applied in several cases.

¶ 36 In *Board of Trustees of Community College District No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 635 N.E.2d 413 (1992), this court addressed the propriety of one trial court judge reviewing, modifying, or countermanding the judgments or decrees entered by other trial court judges in completely separate and distinct lawsuits. Recognizing each circuit court has equal and concurrent subject matter jurisdiction as constitutional courts of general jurisdiction, it noted:

> "[T]his equality of power and authority among the divisions and judges does not provide a license for one judge to ignore orders entered by judges of coordinate authority whether they are in different divisions or different counties. The supreme court has asserted as a general principle that '[o]ne circuit judge may not review or disregard the orders of another circuit judge in the judicial system of this State.' " *Board of Trustees*, 262 Ill. App. 3d at 957 (quoting *Phillips Petroleum*, 65 Ill. 2d at 257).

¶ 37 In *People ex rel. East Side Levee & Sanitary District v. Madison County Levee &*

*Sanitary District*, 54 Ill. 2d 442, 298 N.E.2d 177 (1973), our supreme court entered writs of *mandamus* and prohibition against the circuit court of one county for essentially the same thing plaintiff seeks here, *i.e.*, for the court of one county to accept jurisdiction and issue orders conflicting with those of a circuit court of another county in which the same relief was sought by the same parties. When it did so, the supreme court found: "[T]he Madison County court's *** acceptance of jurisdiction and issuance of orders conflicting with those of the St. Clair County court was not only *clearly erroneous*, but that such action can only serve to diminish public respect for the judicial system of this State." (Emphasis added.) *East Side Levee*, 54 Ill. 2d at 445.

¶ 38        Plaintiff cannot obtain an extraordinary writ of *mandamus* from a Livingston County circuit court directing a Cook County circuit court to order the relief requested. The reason, however, in my opinion, is because the court has no "power" to do so. It is not a question of whether a court should decline or refuse to hear such matters; the supreme court has made it clear it cannot.

¶ 39        In *Malone v. Cosentino*, 99 Ill. 2d 29, 457 N.E.2d 395 (1983), in an effort to explain the degree to which this prohibition extends, the supreme court noted, once a court of competent jurisdiction (in this case Cook County) entered a judgment,

> " 'no matter how erroneous it may be, or even absurd—though it be made in palpable violation of the law itself, and manifestly against the evidence—[it] is, nevertheless, binding upon all whom the law says shall be bound by it *** until it is reversed in a regular proceeding ***. ***' [Citation.] Once a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal, or in one of the traditional collateral proceedings ***." *Malone*, 99 Ill. 2d at 32-33.

This, to me, is the equivalent of saying the court has no "jurisdiction" to review another circuit court's order, no matter how erroneous that order may be.

¶ 40        By way of another practical example from *Malone*, the *Board of Trustees* court pointed out how the filing of a class action seeking to enjoin the collection of traffic fines assessed against the plaintiff in traffic court rather than an appeal was "jurisdictionally barred as an impermissible collateral attack." *Board of Trustees*, 262 Ill. App. 3d at 961. No one would argue the circuit court did not have "subject matter jurisdiction" over a class action challenging the constitutionality of certain traffic fines in general, but it did not have it in this instance since it was an impermissible collateral attack. I find it difficult to distinguish that from our situation here. No one contends the Livingston County circuit court does not have the ability to hear petitions for writs of *mandamus* in general. It has subject matter jurisdiction over such proceedings. It does not, however, have jurisdiction if one of the parties is a sister circuit court because it lacks authority to review another circuit court's judgments and cannot bind another court's conduct.

¶ 41        I am fully cognizant of the language of the supreme court in *McCormick*, describing jurisdiction to be composed of both "subject matter" and "personal." Nevertheless, as evidenced by the cases cited *supra*, "jurisdiction" as a concept is more than simply "subject matter" and "personal jurisdiction." Indeed, these are the *means* by which a court either obtains or loses the power to act. This present case, for example, requires a more expansive description of jurisdiction because it involves one circuit court reviewing the order of another and potentially ordering that court to act—something the supreme court has made clear no circuit court has the power to do.

¶ 42        As an aside, even if I found *McCormick*'s explanation for jurisdiction wholly adequate, I question whether it controls here. *McCormick* rightly ties subject matter jurisdiction to justiciability. See *McCormick v. Robertson*, 2015 IL 118230, ¶ 20 ("So long as a matter brought

before the circuit court is justiciable and does not fall within the original and exclusive jurisdiction of our court, the circuit court has subject matter jurisdiction to consider it."). Frankly, given the above case law, I doubt petitioner presented the Livingston County circuit court with a justiciable matter because justiciability requires "a controversy *appropriate* for review by the court." (Emphasis added.) *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335, 770 N.E.2d 177, 184 (2002). Along with other factors, a controversy is appropriate for review when a court can issue "specific relief through a decree of a conclusive character." (Internal quotation marks omitted.) *Exchange National Bank of Chicago v. County of Cook*, 6 Ill. 2d 419, 422, 129 N.E.2d 1, 3 (1955). I understand this to mean a court cannot address a matter unless it can also provide the parties redress. Nothing from *Mathias*, *Philips Petroleum*, *East Side Levee*, or *Board of Trustees* tells us this *mandamus* action is appropriate for review by the Livingston County circuit court because these cases explain a circuit court cannot grant a party specific relief (or redress) against another circuit court. Accordingly, I doubt *mandamus* actions like this one are justiciable, which, in turn, necessarily calls into question jurisdiction.

¶ 43    Whatever the conceptual reason for that lack of authority (subject matter jurisdiction, justiciability, personal jurisdiction, supervisory authority, comity, or efficient administration of justice), once the Cook County court had jurisdiction of defendant's section 2-1401 petition, the Livingston County court could not properly accept jurisdiction to consider ordering the Cook County court to grant defendant's petition or to enter a finding in opposition to the court's denial. That is the context in which I use the term "jurisdiction."

¶ 44    If we decide the case only on the section 2-615 motion, we are ignoring the fact that the Livingston County circuit court has no authority to order the Cook County circuit court to do anything regarding defendant's *mandamus* claim. What's more, we are ignoring the fact that

jurisdiction is always a threshold issue, and if the Livingston County circuit court lacked jurisdiction, it did not have the power to dismiss the matter pursuant to section 2-615; it could only dismiss under section 2-619. See *Ryburn v. People*, 349 Ill. App. 3d 990, 993, 811 N.E.2d 1209, 1212 (2004) (" '[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim.' ") (quoting *Arrowsmith v. United Press International*, 320 F.2d 219, 221 (2d Cir. 1963)).

¶ 45        It is for these reasons I specially concur.

**No. 4-19-0250**

| | |
|---|---|
| **Cite as:** | *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250 |
| **Decision Under Review:** | Appeal from the Circuit Court of Livingston County, No. 18-MR-99; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| **Attorneys for Appellant:** | Aloysius M. Oliver, of Pontiac, appellant *pro se*. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Benjamin F. Jacobson, Assistant Attorney General, of counsel), for appellee. |