2020 IL App (1st) 191994-U

SIXTH DIVISION
December 11, 2020

No. 1-19-1994

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HILL COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 19 M5 4697 |
| AIRY'S, INC., AIRY'S INFRASTRUCTURE, LLC, | ) | |
| AIRY'S PROPERTIES, and ALL UNKNOWN | ) | |
| OCCUPANTS, | ) | Honorable |
| | ) | Patrick T. Rogers, |
| Defendants-Appellants. | ) | Judge presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1     *Held:* Trial court did not act without statutory authority nor issue a *sua sponte* summary judgment when it ruled on motion to dismiss or stay proceedings in forcible entry case by staying proceedings and ordering defendants to pay for interim use and occupancy. Without a complete record, this court cannot determine if trial court abused its discretion in making its award of use and occupancy while otherwise staying proceedings.

¶ 2     This case concerns a forcible entry action by plaintiff Hill Company against defendants

Airy's Inc., Airy's Infrastructure, Airy's Property (collectively Airys'), and unknown occupants

concerning certain commercial premises. Airys' appeal from a circuit court order staying proceeds

and ordering defendants to pay for use and occupancy of the premises during the pendency of the litigation, contending that the order is erroneous. For the reasons stated below, we affirm.

¶ 3                                    I. JURISDICTION

¶ 4      In plaintiff's forcible entry action, the trial court on September 27, 2019, stayed proceedings, pending the outcome of other litigation between the parties, and ordered defendants to make interim payments for use and occupancy of the premises. The order included a finding that there was no just reason to delay enforcement or appeal. Airys' filed their notice of appeal on October 1, 2019. Accordingly, this court has jurisdiction here pursuant to article VI, section 6 of the Illinois Constitution and Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) governing appeals in civil cases from judgments that do not dispose of all the claims or parties in a case.

¶ 5                                    II. BACKGROUND

¶ 6      Plaintiff filed its forcible entry complaint on June 20, 2019, alleging that it owned certain real property in Tinley Park (the premises) since 1989 and that defendant Airy's Inc. was the sole occupant of the premises until March 2019 when the other defendants began also occupying it. Airy's Inc. was paying $6600 rent per month pursuant to an oral lease agreement since some time in 1999, a written lease for about two years beginning in 2001 and expiring in 2004, and on a month-to-month basis since. Plaintiff did not have a copy of the lease and could not obtain one because a Will County court order in case 19 MR 707 prohibited it from accessing Airy's Inc. records. Plaintiff alleged that Airy's Inc. last paid rent in February 2019 and the other defendants never paid rent during their occupancy. Five-day notice was served on defendants at the premises on June 6, 2019, and was not cured as of June 19. Plaintiff sought possession of the premises, $26,400 for unpaid rent, any future unpaid rent as the case was pending, and fees and costs.

¶ 7      Airys' appeared later in June 2019, stating that the defendant sued as Airy's Properties is actually Airy's Property, and filed a motion to dismiss pursuant to section 2-615 and 2-619 of the

Code of Civil Procedure. 735 ILCS 5/2-615, 2-619 (West 2018). The motion admitted that the premises were the "primary office" of Airy's Inc. The basis for section 2-615 dismissal was that the complaint failed to properly allege facts sufficient to establish an oral lease; that is, it made a conclusory allegation of an oral lease rather than particularly alleging an offer and acceptance constituting an oral lease, and it did not allege with specificity when the oral lease began or ended.

¶ 8    The basis for section 2-619 dismissal was that the parties were already parties to the civil action in Will County, consolidated cases 19 MR 707 and 19 CH 865, "for the same cause." In 19 MR 707, Airy's Inc. sued plaintiff and others including Marvin Hill, who Airys' alleged was a shareholder, director, and vice-president of Airy's Inc., and a general partner in plaintiff, while in 19 CH 865, Airy's Inc. and Marvin sued Airy's Property, Airy's Infrastructure and others. As to the similarity of cause, Airys' alleged that the Will County case concerned claims and counterclaims of mismanagement of Airy's Inc. including an alleged unauthorized withdrawal by Marvin from Airy's Inc. of over $243,000 in March 2019 so that "the amount of 'back rent' alleged in Plaintiff's present complaint, which forms its entire cause of action are directly related to and rest on the same set of facts as the issues raised in" the complaint in 19 MR 707 and the answer and affirmative defenses in 19 CH 865. If the trial court did not dismiss this case because the Will County cases were filed earlier and then consolidated, it should stay proceedings in this case until resolution of the Will County case to avoid possible conflicting rulings.

¶ 9    Attached to the motion to dismiss were copies of the amended complaint in 19 MR 707 and the answer and affirmative defenses in 19 CH 865. The former alleged in part that Marvin and plaintiff herein unsuccessfully attempted in May 2019 to evict Airy's Inc. from the premises by use of the police rather than the courts, and sought in part to bar Marvin and plaintiff herein from entering the premises or changing the locks. In the latter, filed in June 2019, defendants therein

including Airy's Infrastructure and Airy's Property admitted in part that Airy's Inc. "has a current contract for the lease of" the premises.

¶ 10    Plaintiff responded to the motion to dismiss, arguing that it sufficiently pled an oral lease to survive dismissal and that the Will County case was irrelevant because it does not concern non-payment of rent for the premises.

> "Whether or not Airy's Inc. remains at the [premises] has nothing to do with the outcome of the other litigation. The parties can determine who owns the business, what was fraudulent, what was converted, what wasn't regardless of whether Airy's Inc. remains a tenant at [the premises]. The litigation in Will County can be resolved entirely separately. The outcome here will have no effect on who has ownership interest in Airy's Inc."

In other words, whether or not Marvin converted $243,000 of Airy's Inc.'s funds "has no bearing" on whether it paid rent on the premises, while possession of the premises cannot be addressed in the Will County case because the premises are not in Will County. For the same reasons, plaintiff argued, staying this case while the Will County case proceeded would be improper.

¶ 11    Airys' replied in support of their motion to dismiss, reiterating their argument that an oral lease was not sufficiently pled. As to whether this case concerned the same cause as the Will County case, Airys' argued that the non-payment of rent alleged in this complaint occurred in the same month, March 2019, as the alleged improper transfer by Marvin. If the transfer was proven in the Will County case, it could "be considered payment for any alleged amounts of purportedly unpaid rent" and constitute an affirmative defense and counterclaim to the forcible entry action.

¶ 12    On September 27, 2019, the court considered the motion to dismiss. It ruled that defendants would pay for use and occupancy of the premises from the June 20 filing of this action at $6600 monthly (1) to the sum of $22,000 for 10 days in June and for July to September, and (2) henceforth on the first of each month. The case would be stayed pending the outcome of the Will County case.

The order stated that it would be final and appealable as there was no just reason to delay enforcement or appeal. This appeal timely followed, and in October 2019 the trial court stayed enforcement of the money judgment for use and occupancy upon payment of bond.

¶ 13                                    III. ANALYSIS

¶ 14    On appeal, Airys' contend that the trial court erred in awarding plaintiff payment for use and occupancy of the premises while otherwise staying proceedings pending the outcome of the Will County litigation. They contend that the court did so *sua sponte*, without plaintiff filing a motion for use and occupancy payments, and effectively granted an improper summary judgment for plaintiff on the amount of rent. They also contend that the award was contrary to the governing statute, section 9-201 of the Code of Civil Procedure (Code). 735 ILCS 5/9-201 (West 2018).

¶ 15    In issuing the order now in dispute, the trial court was ruling upon Airys' motion to dismiss pursuant to sections 2-615 and 2-619 of the Code, which sought a stay as alternative relief to dismissal. It is axiomatic that a motion to dismiss under section 2-619 admits as true all well-pled facts and all reasonable inferences that can be drawn from them. *Goral v. Dart*, 2020 IL 125085, ¶ 27; *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 13.

¶ 16    In an interlocutory appeal, including rulings upon motions to stay proceedings, the standard of review is whether the trial court abused its discretion in granting or refusing the requested interlocutory relief. *West Bend Mutual Insurance Co. v. TRRS Corp.*, 2020 IL 124690, ¶ 31. In particular, a motion under section 2-619(a)(3) for a dismissal or stay based on "another action pending between the same parties for the same cause" (735 ILCS 5/2–619(a)(3) (West 2018) is addressed to the trial court's sound discretion. *Zurich Insurance Co. v. Baxter International, Inc.*, 173 Ill. 2d 235, 243-44 (1996).

¶ 17    Section 9-201 of the Code provides that "[t]he owner of land *** may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by a civil

action" under certain specified instances, including "[w]hen lands are held and occupied by any person without any special agreement for rent." 735 ILCS 5/9-201(2) (West 2018). "[S]ection 9-201 of the Act permits a party who brings a forcible entry and detainer action to recover use and occupancy charges pending resolution of the possession claim" because a " 'lessee's obligation to pay rent continues as a matter of law, even though the lessee may ultimately establish a right to rescind the lease, vacate the premises, or obtain other relief.' " *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 608 (2007) (quoting *People ex rel. Department of Transportation v. Cook Development Co.*, 274 Ill. App. 3d 175, 180 (1995)). Courts have the inherent power to act *sua sponte*. *Id.* at 614. An evidentiary hearing is not required before an award for use and occupancy. *Cook Development Co.*, 274 Ill. App. 3d at 180.

¶ 18     Here, we consider it key that Airys' motion to dismiss (1) acknowledges Airy's Inc.'s possession and use of the premises as its "primary office," (2) did not challenge the complaint's allegation of a month-to-month tenancy at $6600 monthly rent, and (3) prayed in the alternative to dismissal that the court stay proceedings pending a decision in the Will County case. While Airys' contend that the court acted *sua sponte* without any motion before it, the court was ruling upon Airys' own motion for a stay and granting them partial relief; the issues of possession and pre-complaint rent were stayed and (as the case stands on this record) have not been disposed.

¶ 19     Airys' contend that plaintiff's complaint alleged a lease between itself and Airy's Inc., which would be incompatible with section 9-201(2)'s reference to land occupied without any special agreement for rent. However, it is clear from examining the complaint that plaintiff was alleging an oral, and then a written, lease with Airy's Inc. *in the past* as the written lease had allegedly expired in or around 2004 and "the parties have continued to operate on a month to month basis under the same terms as reflected in the written agreement of $6,600 a month." Thus, the complaint firmly alleged that defendants possessed the premises by 2019 without any special

agreement for rent. As plaintiff's action alleges that non-payment of rent began in 2019, well after month-to-month tenancy allegedly began, the historic basis for Airy's Inc.'s tenancy is not in the least an essential element of plaintiff's case and any non-specificity or vagueness in alleging that historic basis is not fatal to the complaint.

¶ 20    Airys' also contend that the award for use and occupancy was a summary judgment improperly granted. However, we find that an interim award for use and occupancy is not a final ruling on the merits. As this court stated in *Cook Development* and reiterated since, an award of use and occupancy may be granted before a decision on the merits regarding possession because the obligation to pay for one's occupancy is independent of one's ability to eventually obtain some relief on the merits. *Circle Management*, 378 Ill. App. 3d at 608 (citing *Cook Development Co.*, 274 Ill. App. 3d at 180). We have held that an interim award for use and occupancy, because it can be made independently of the ultimate merits on possession, does not render a landlord-plaintiff a prevailing party for attorney fee purposes. *1002 E. 87th St. LLC v. Midway Broadcasting Corp.*, 2018 IL App (1st) 171691, ¶ 32.

¶ 21    Instead, we are reviewing the partial grant of a motion to stay, with the parties that sought a stay effectively alleging that the trial court erred by making an exception to the stay for an interim award for use and occupancy. Airys' motion in the alternative for a stay was addressed to the sound discretion of the trial court, as stated above. However, we have no transcript or similar record (Ill. S. Ct. R. 323 (eff. July 1, 2017)) for the proceedings on the motion resulting in the order at issue. While plaintiff did not file a written motion for an award of use and occupancy, we do not know whether it made an oral motion in the hearing, when granting a stay meant that a decision on an otherwise-expedited forcible entry action would not be soon forthcoming, or the court awarded interim use and occupancy *sua sponte* in determining the scope of the stay. We also do not know on this record what evidence or arguments were presented regarding the appropriate sum for an

award for use and occupancy. It is axiomatic that any doubts arising from an incomplete record are resolved against the appellant, and that a reviewing court has no basis to find an abuse of discretion when the record does not contain a transcript for the relevant proceedings. *Gateway-Walden, LLC v. Pappas*, 2018 IL App (1st) 162714, ¶¶ 55, 57. Thus, on this record, we cannot conclude that trial court abused its discretion in issuing the order in question.

¶ 22                                      IV. CONCLUSION

¶ 23     Accordingly, we affirm the judgment of the circuit court.

¶ 24     Affirmed.