**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230260-U

Order filed February 24, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| JEVONALD L. HILL, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0260 |
| | ) | Circuit No. 95-CF-1311 |
| | ) | |
| KATHRYN E. CRESWELL, | ) | Honorable |
| | ) | Brian F. Telander, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Anderson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:   The circuit court did not err in dismissing plaintiff's petition for *mandamus* relief.

¶ 2   Plaintiff, Jevonald L. Hill, appeals the Du Page County circuit court's dismissal of his *mandamus* action, requesting an order directing defendant, Judge Kathryn E. Creswell, to vacate his natural life sentence for first-degree murder and impose the maximum non-extended term of 60 years' imprisonment. We affirm.

¶ 3                              I. BACKGROUND

¶ 4　　In June 1995, Hill was charged with first-degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 1994)) and armed robbery (*id.* § 18-2(a)). Following a jury trial, he was convicted of both charges. At sentencing, the circuit court found that the murder was exceptionally brutal and heinous and sentenced Hill to natural life in prison on the charge of murder and a consecutive term of 10 years' imprisonment on the charge of armed robbery. On direct appeal, the reviewing court affirmed Hill's natural life sentence, concluding that it was not an abuse of discretion, but vacated the armed robbery conviction. *People v. Hill*, No. 3-97-0366 (1998) (unpublished order under Illinois Supreme Court Rule 23)). The supreme court denied his petition for leave to appeal. *People v. Hill*, 182 Ill. 2d 560 (1999).

¶ 5　　Hill filed a *pro se* postconviction petition in January 2001, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and claiming that his extended-term sentence of natural life should be reduced to the non-extended term because the aggravating factor that the offense was "exceptionally brutal, heinous, indicative of wanton cruelty" was not submitted to a jury and proven beyond a reasonable doubt. The circuit court summarily dismissed the petition as untimely, and the appellate court reversed and remanded for further proceedings. *People v. Hill*, No. 2-01-0434 (2002) (unpublished order under Illinois Supreme Court Rule 23(c)).

¶ 6　　On remand, Hill reasserted his argument that his natural life sentence was void as a violation of the rule announced in *Apprendi*. The circuit court dismissed the petition. On appeal, the reviewing court rejected Hill's *Apprendi* argument under *People v. De La Paz*, 204 Ill. 2d 426 (2003), and held that the rule announced in *Apprendi* did not apply to Hill's case because his direct appeal concluded in 1999 and *Apprendi* was decided in 2000, one year after termination of Hill's direct appeal. *People v. Hill*, No. 2-05-0117 (2006) (unpublished order under Illinois Supreme Court Rule 23(c)).

¶ 7    In March 2007, Hill filed a petition seeking relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2006)). Hill asked the circuit court to vacate his first-degree murder conviction and sentence and claimed, in part, that the two-year statute of limitations for a section 2-1401 petition did not apply because his sentence was void, again arguing that the sentencing court exceeded the non-extended sentencing range for first-degree murder in violation of *Apprendi*. On the State's motion, Circuit Court Judge Creswell dismissed the petition as untimely, and the appellate court affirmed. In reaching its decision, the reviewing court held that Hill's sentence was not void but merely voidable, noting that "natural life imprisonment was and is an authorized sentence for first degree murder" and concluding that "even if [Hill] had tried, he could not successfully argue that the sentence was void." *People v. Hill*, No. 2-07-0496 (2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8    In March 2022, Hill filed this present *mandamus* action in the Du Page County circuit court, seeking an "order of *mandamus*" compelling Judge Creswell to vacate his natural life sentence and resentence him to 60 years' imprisonment. In his petition, Hill asserted that Judge Creswell was required to impose a 60-year sentence under section 5-8-1(a) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-8-1(a) (West 1994)). In the alternative, he alleged the court imposed an invalid natural life sentence under section 5-8-2 of the Code of Corrections (*id.* § 5-8-2), authorizing an extended term of 60 to 100 years for brutal and heinous conduct. Creswell filed a combined motion to dismiss under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2022)), in which she argued dismissal was appropriate under section 2-619 based on judicial immunity and under section 2-615 because Hill failed to state a claim for *mandamus* relief. The circuit court granted Creswell's motion on both grounds and dismissed Hill's petition with prejudice.

¶ 9                                    II. ANALYSIS

¶ 10         On appeal, Hill challenges the court's dismissal of his petition, claiming that a writ of *mandamus* is the appropriate remedy to compel the circuit court to vacate his natural life sentence and impose a maximum non-extended term of 60 years' imprisonment. We disagree.

¶ 11         In this case, Creswell filed a combined section 2-619.1 motion to dismiss seeking dismissal under sections 2-615 and 2-619 of the Code. See 735 ILCS 5/2-619.1 (West 2022). A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29. "A complaint should be dismissed under section 2-615 only if it is clearly apparent from the pleadings that no set of facts can be proved that would entitle the plaintiff to recover." *In re Estate of Powell*, 2014 IL 115997, ¶ 12. A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts some affirmative matter outside the complaint that defeats the action. *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 13. When considering a motion under either section, the court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from them. *De Jesus v. Policemen's Annuity & Benefit Fund*, 2019 IL App (1st) 190486, ¶ 15. Our review of the circuit court's dismissal of a *mandamus* complaint is *de novo*, and we may affirm on any basis supported by the record. *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 24.

¶ 12         *Mandamus* is an "extraordinary remedy" used to enforce the performance of official duties by a public officer where no exercise of discretion is involved. *Lee v. Findley*, 359 Ill. App. 3d 1130, 1133 (2005). *Mandamus* will issue only where the plaintiff has demonstrated (1) a clear right to the requested relief, (2) a clear duty on the part of the defendant to act, and (3) clear authority in the defendant to comply with an order granting *mandamus* relief. *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17.

¶ 13    A writ of *mandamus* is an appropriate means by which to correct a void order. See *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 38-39 (2011) (citing *People ex rel. Bradley v. McAuliffe*, 24 Ill. 2d 75, 78 (1962)). However, a judgment is void for *mandamus* purposes only if the court lacked the power to enter the order due to an absence of personal or subject matter jurisdiction or the judgment is based on a facially unconstitutional statute that is void *ab initio. In re N.G.*, 2018 IL 121939, ¶ 18. A sentence that does not conform to statutory requirements is not a void judgment. *People v. Castleberry*, 2015 IL 116916, ¶¶ 11, 19. "A writ of *mandamus* is appropriate when used to compel compliance with mandatory legal standards but not when the act in question involves the exercise of a public officer's discretion." *McFatridge*, 2013 IL 113676, ¶ 17.

¶ 14    Here, Hill's conviction for first-degree murder was upheld on direct appeal, and the dismissals of his postconviction petitions challenging his sentence as void under *Apprendi* were likewise affirmed on appeal. Hill now seeks *mandamus* relief to have his extended-term sentence vacated and a non-extended term imposed. However, no court has found that his sentence is void. As the appellate court recognized in reviewing Judge Creswell's dismissal of his 2-1401 petition, even if Hill tried to challenge his sentence as void, his argument would fail. See *Castleberry*, 2015 IL 116916, ¶ 19 (unauthorized sentence is merely voidable, not void); see also *De La Paz*, 204 Ill. 2d at 428-29 (*Apprendi* does not apply retroactively to cases on collateral review). The Illinois Supreme Court has clearly emphasized that a judgment is void for *mandamus* purposes only if the circuit court lacked the power to enter the order due to a lack of  personal or subject matter jurisdiction, or if the judgment is based on an unconstitutional statute that is void *ab initio*. See *N.G.*, 2018 IL 121939, ¶ 18. *Mandamus* cannot be used to review orders or judgments for error or to alter a judge's actions where he or she had the jurisdiction to act. *In re Commitment of Phillips*, 367 Ill. App. 3d 1036, 1042 (2006). Without a determination that the conviction is void, the circuit

5

court properly dismissed Hill's complaint for *mandamus* pursuant to section 2-615 of the Code for failing to state a claim on which relief could be granted.

¶ 15        To the extent Hill argues that his extended-term sentence was void under section 5-8-2 of the Criminal Code, we again disagree. Section 5-8-2 permits the imposition of an extended-term sentence of 60 to 100 years for first-degree murder if the court makes a finding in aggravation that the murder was accompanied by brutal and heinous behavior. See 730 ILCS 5/5-8-2(a) (West 1994). The sentencing procedures under sections 5-8-1 and 5-8-2 operate independently of each other. The extended-term allowance in section 5-8-2 does not apply when a natural life sentence has been imposed under section 5-8-1. See *People v. Young*, 124 Ill. 2d 147, 165 (1988) ("[T]he authorization in section 5-8-2 to impose an extended-term sentence in excess of the maximum sentence authorized in section 5-8-1 cannot apply to murder convictions for which a natural life imprisonment sentence has been imposed under section 5-8-1."). Here, the circuit court sentenced Hill to a term of natural life in prison under the first section—section 5-8-1. The plain language of section 5-8-1 authorized the natural life sentence that was imposed, and Hill cannot now challenge his sentence as void under another section of the Criminal Code that does not apply.

¶ 16        Finally, we reject Hill's argument that a writ of *mandamus* is an appropriate means by which to correct his sentence because the court's imposition of a 60-year term is mandated by the sentencing statute and, therefore, not a non-discretionary act. Hill's sentencing request would force Judge Creswell to make a discretionary determination, and a writ of *mandamus* is inappropriate to direct an official to reach a particular decision or to exercise his discretion in a specific manner. See *Hadley v. Ryan*, 345 Ill. App. 3d 297, 301 (2003) (*mandamus* may not be used to direct an official to reach a particular decision or exercise his or her discretion in a particular manner). The difference between discretionary and ministerial acts depends on the circumstances of each case.

6

*Snyder v. Curran Township*, 167 Ill. 2d 466, 474 (1995). "Discretionary acts are those which are unique to the particular public office and involve the exercise of judgment, while ministerial acts are those performed in a prescribed manner, in obedience to the mandate of legal authority, without regard to the exercise of discretion as to the propriety of the acts being done." *Corning v. East Oakland Township*, 283 Ill. App. 3d 765, 768 (1996). In other words, "discretionary acts are those that require personal deliberation, decision, and judgment, while ministerial acts are those amounting to the performance of a task in accordance with an order." *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 840 (2000). In the instant case, Hill's request that Judge Creswell vacate his natural life sentence and sentence him to a non-extended term would require a discretionary act of reweighing the factors in aggravation and mitigation. More concisely, the *mandamus* petition is an inappropriate attempt to compel Judge Creswell to resentence Hill. See *Oliver*, 2020 IL App (4th) 190250, ¶ 23 (rejecting plaintiff's request to vacate his sentence and remand for resentencing on the basis that *mandamus* actions "may not be used to circumvent the normal appellate process" (internal quotation marks omitted)).

¶ 17 For these reasons, the circuit court properly dismissed the *mandamus* petition for failing to state a claim. Because dismissal was proper under section 2-615 of the Code, our review of the court's section 2-619 ruling is unnecessary. See *Walker*, 2017 IL App (3d) 150055, ¶ 24 (we may affirm the circuit court's dismissal on any basis in the record).

¶ 18                                                   III. CONCLUSION

¶ 19 The judgment of the circuit court of Du Page County is affirmed.

¶ 20 Affirmed.